**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **RODNEY J. MURPHY,**       )<br>     **Plaintiff,**                        )<br>                                              )<br>**vs.**                                       )<br>                                              )<br>**STATE OF ALABAMA,** *et al.*,  )<br>     **Defendants.**                   ) | **CIVIL ACTION 2:20-00183-KD-N** |

**ORDER**

This matter is before the Court on a review of the record, the November 24, 2020 Report & Recommendation (Doc. 7), Plaintiff's amended complaint (Doc. 8), and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 9).

On March 23, 2020 Plaintiff Rodney J. Murphy (Murphy) filed a Complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as state law causes of action (libel/slander), against Defendants the State of Alabama, the Circuit Court of Marengo County, Alabama; Marengo County Circuit Judge Vincent K. Deas (incorrectly named Judge Zince Deas; Marengo County Circuit Court Clerk Kenny Freeman; and Christie Thomas. (Doc. 1). Murphy's Complaint stems from domestic relations litigation in state court -- specifically in the Marengo County Circuit Court in relation to his daughters and their mother, Christie Thomas, which resulted in entry of a protection from abuse/restraining order against him. On March 23, 2020, Murphy also moved for *in forma pauperis* status. (Doc. 2). On April 20, 2020, Murphy filed a Notice which alleged new claims under 18 U.S.C. §§ 1001, 1018 and 1038, as well as state law claims under 13A-10-101-13A-10-104 and 13A-11-11 (Ala. Code) against Defendant Thomas. (Doc. 3). On November 5, 2020, Murphy submitted a revised *in forma pauperis* motion, which was granted on November 6, 2020. (Docs. 5, 6). On November 6, 2020, the Court issued a Report and Recommendation as to

the Complaint (as amended) at that time (Docs. 1, 3).  On November 23, 2020, Murphy filed an amended complaint (Doc. 8) and motion to proceed *in forma pauperis* (Doc. 9).

At the outset, it is **ORDERED** that Murphy's *in forma pauperis* motion (Doc. 9) is **MOOT** because he was previously granted *in forma pauperis* status on November 6, 2020.  The Court now turns to Murphy's amended complaint, filed after entry of the Report and Recommendation.

Rule 15(a) provides for amendment as a matter of right 21 days after serving the complaint or 21 days after service of a responsive pleading: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  None of these circumstances exist.  This is because the Court directed the Clerk to withhold service of Murphy's complaint until otherwise ordered, to allow for review.  (Doc. 6).  Thus, none of the Defendants have been served with the Complaint, meaning that Rule 15 has not yet been triggered.  See, e.g., Rice v. Hathaway, 2008 WL 2789317 (S.D. Ill. 2008) ("[b]ecause this case is still under threshold review, Defendants have not been served and, therefore, no responsive pleading has been served....Plaintiff does not technically need leave to file his complaint...[]").  As such, Murphy's amended complaint (Doc. 8) is properly filed as his case remains under threshold review.  The result is that this amended complaint (Doc. 8) is the operative complaint, rendering **MOOT** the Report and Recommendation (Doc. 7).

As for the substance of Murphy's amended complaint, the Court finds as follows.  Murphy was granted leave to proceed in this action without prepayment of fees under 28 U.S.C. § 1915, and thus his amended complaint is subject to Section 1915(e)(2) which provides: "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that … the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As summarized in Barnes v. Department Children Families, 2019 WL 8888211, *1 (S.D. Fla. Mar. 12, 2019):

> Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [ ] the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction ... [and] show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); *see* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting Twombly, 550 U.S. at 570).
>
> Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." Herskowitz v. Reid, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are " 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

First, Murphy's amended complaint is based on federal question jurisdiction, 42 U.S.C. § 1983, and he asserts claims for constitutional violations against Defendants Deas and Freeman. (Doc. 8 at 1).  Murphy appears to only assert state law claims against Defendant Thomas for making false claims and for false statements.  Additionally, Murphy does not allege any claims against the State of Alabama and the Marengo County Circuit Court such that they have been voluntarily **DISMISSED** from this case and are no longer active defendants.  The only Defendants are thus Deas, Freeman, and Thomas.

Second, the Court now turns to the amended complaint. Murphy has not included the factual narrative or history in his amended complaint.  Nevertheless, the Court is aware of same and due to his *pro se* status liberally construes it (as well as the exhibits he submitted) as encompassed within his amended complaint (including Doc. 1 at 5-21, Doc. 3 at 4).  Namely, that Murphy sent 3 letters to Thomas on February 5, 2020, and an email on February 20, 2020. The communications concerned Thomas's twin daughters, who Murphy had "not seen or heard from in four years[,]" and of whom Murphy claims to be the father. Per Murphy, Thomas "immediately went to Marengo County Circuit Court and filed a protective order, insisting her life was in danger." Per Murphy, Thomas provided "a fabricated statement" under oath on February 26, 2020, suggesting that Murphy had threatened her. Murphy alleges that the Marengo County Circuit Court accepted Thomas' statement at "face value," and that the Clerk of Court Defendant Freeman "was second to agree with the inappropriate action, with moral turpitude." Per Murphy, the information was then promptly transferred to the Marengo County Sheriffs' office, faxed over to Montgomery County Sheriffs' office, and delivered to" Murphy by a deputy sheriff.  On April 8, 2020, a protective order (protection from abuse order) was entered against him in a domestic relations case, prohibiting him from any physical contact with Defendant Thomas.  (Doc. 3 at 4).  In other

words, Murphy's claims -- as alleged -- involve a state court protection order issued in response to an apparent custody or visitation dispute surrounding his two (2) minor children.

Additionally, Murphy asserts the following amended claims: 1) <u>Deas</u> -- official capacity claims for constitutional violations (freedom of speech/expression, Second Amendment, Sixth Amendment (right to counsel), Eighth Amendment (cruel/unusual punishment), Fourteenth Amendment (equal protection)); 2) <u>Freeman</u> -- individual and official capacity claims for constitutional violations (freedom of speech/expression and Fourteenth Amendment (equal protection)); and 3) <u>Thomas</u> -- individual capacity claims for making a false claim to the state court and for making false statements to that court.  Murphy seeks as relief: entry of an injunction against Defendant Deas, including that he be ordered to lift the restraining/protection from abuse order issued against Murphy, and monetary relief via an award of attorneys' fees; entry of an injunction against Freeman to prevent Thomas from making future false statements and as well as attorneys' fees; and monetary relief via damages against Thomas for $77,000.

In other words, even though Murphy cites federal question under Section 1983, he is asking this Court to interfere with the actions taken by a state court judge, a state court clerk of court, and individual Thomas, in a state domestic relations case which resulted in a state domestic relations protection from abuse order issued against him.  Namely, for the undersigned to issue injunctions ordering Judge Deas to lift/remove the state court protection/restraining order issued against him and refrain from "any further action;" and ordering Clerk Freeman to refrain from accepting as true any statements by Thomas (or to decline to accept any of Thomas' statements against him for purposes of such an order, claiming they are false). Murphy explains further that the existence of the current protection from abuse order in Marengo County Circuit Court will affect his paternity testing, joint custody, visitation, and future claims in relation to his two minor children.

To award the relief Murphy seeks would require the Court to interfere or intervene in underlying state proceedings (the protection from abuse order and the case against him in Marengo County Circuit Court) -- a matter traditionally within the domain of the state courts. This Court is precluded from exercising jurisdiction in such a case pursuant to the "domestic relations exception." As explained in Barnes, *supra*, at *2 (emphasis added):

> As the Supreme Court has emphasized, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (alteration omitted), *abrogated on other grounds*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014); *see also United States v. Windsor*, 133 S. Ct. 2675, 2691 (2013) ("Federal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy ... of the States in the regulation of domestic relations.' " (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 714 (1992))). **"Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."** *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988); *see also Guevara v. Padin*, 2016 WL 7188783, at *3 (S.D. Fla. Nov. 9, 2016) **("Many courts willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes and decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs.... This Court will not enmesh itself in a dispute involving enforcement of a judgment for child support or allegedly miscalculated child support payments. Accordingly, the Court shall abstain from exercising jurisdiction over the Plaintiff's federal law claims pursuant to the domestic relations exception."**) (quoting *Ingram v. Hayes*, 866 F.2d 368, 371 (11th Cir. 1988) (internal quotation marks and citations omitted)).
>
> Based on Plaintiff's Complaint, it appears that Plaintiff's claims involve the visitation and/or custody of his two minor children and would require the Court to review or interfere with the underlying state proceedings pertaining to the custody and care of the children—a matter traditionally within the domain of the state courts. *See, e.g.*, *Guevara*, 2016 WL 7188783, at *3 (applying the domestic relations exception and declining jurisdiction over the plaintiff's civil rights and due process claims under 42 U.S.C. § 1983 arising from a state court judgment for child support); *Todd v. Bahrke*, 604 Fed. Appx. 558, 559 (9th Cir. 2015) (affirming district court's dismissal of a § 1983 case alleging federal and state law violations arising out of child custody proceedings in which the district court found that the domestic relations exception bolstered the determination that subject matter jurisdiction was inappropriate); *Angelet v. Ruiz*, 2016 WL 2977271, at *2 (E.D.N.Y. May 20, 2016) (applying the domestic relations exception and finding

> lack of subject matter jurisdiction over a § 1983 action relating to child custody by a father against his ex-wife and various state court judges and officials); *Bodda v. State of Idaho Child Protective Servs.*, 2016 WL 3647841 (D. Idaho July 1, 2016) (holding that the court lacked subject matter jurisdiction over claims involving parental rights where plaintiff had alleged the wrongful deprivation of custody of her child).
>
> In addition, Plaintiff's claim must be dismissed under the *Rooker-Feldman* doctrine, which provides that no federal court, other than the United States Supreme Court, has the authority to review final judgments of state courts. *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). "[T]he authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Id.* (citing *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987)). The Supreme Court, in turn, has explained that "the *Rooker-Feldman* doctrine ... is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284, 293 (2005). Further, "[f]ederal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment." *Dale*, 121 F.3d at 626.
>
> Ultimately, a ruling on any claims asserted in the Complaint would require that this Court adjudicate a dispute involving custody of Plaintiff's minor children and would be inextricably intertwined with the state court's judgment over that dispute. Accordingly, this Court lacks jurisdiction to review such claims.

See also e.g., Manahan v. Montserrat, 2017 WL 7792558, *2 (S.D. Fla. Jun. 19, 2017) (discussing the applicability of domestic relations exception in federal question cases and providing a list of same); *Moussignac v. Georgia Dep't of Human Res.*, 139 Fed. Appx. 161, 162 (11th Cir. 2005) (affirming dismissal of non-diversity child support case involving one party's claims of violations under bankruptcy code); Swan v. Owens, 2015 WL 7968093, *3 (N.D. Fla. Nov. 2, 2015) (domestic relations exception bars section 1983 claimant's request for review of state court divorce decision); *Clinton v. Dopson*, 2011 WL 5877065, *2 (N.D. Fla. Oct. 17, 2011) (domestic relations exception no longer rests on non-diversity of parties); *Alabama v. Huffaker*, 2009 WL 197806, at

7

*5 (S.D. Ala. Jan. 26, 2009) (remanding non-diversity case involving child support payments based, in part, on domestic relations exception).

The circumstances of Murphy's case and the relief he seeks echo Barnes *supra*. Accordingly, it is **ORDERED** that Murphy's amended complaint (Doc. 8) is **DISMISSED without prejudice** as this Court lacks jurisdiction to review his claims.

Further, due to the lack of jurisdiction over Murphy's federal law claims, the Court shall not exercise jurisdiction over his state law claims.  "The Eleventh Circuit has a stated policy in favor of dismissing state law claims under these circumstances." Clarke v. Two Is. Dev. Corp., 2016 WL 659580, *2 (S.D. Fla. Feb. 18, 2016).  See also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-1089 (11th Cir. 2004) ("[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial[]" (citations omitted)); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well[]").  Thus, Murphy's state law claims are also **DISMISSED.**

Based on the foregoing, the Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the **16th** day of **December 2020.**

> /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**